**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prosight -- Syndicate 1110 At Lloyd's,<br><br>Plaintiff,<br><br>vs.<br><br>American Builders and Developers LLC,<br><br>Defendant. | No. CV-17-04662-PHX-SPL<br><br>**ORDER** |

Plaintiff Prosight -- Syndicate 1110 At Lloyd's (the "Plaintiff") initiated this lawsuit against American Builders and Developers LLC (the "Defendant") seeking a declaratory judgment determining that the Plaintiff is not liable to indemnify the Defendant for any damages awarded pursuant a separate lawsuit brought against the Defendant by Maria Virginia Huizache and Florenciano Axinicuilteco (the "Claimants"). (Doc. 1) On August 6, 2018, the Claimants filed a motion for summary judgment, and the motion for summary judgment was fully briefed on September 20, 2018. (Docs. 88, 97) On February 13, 2019, the Court issued an order (the "SJ Order") granting summary judgment in favor of the Claimants. (Doc. 143)

The Plaintiff filed a Motion for Reconsideration (the "Motion") (Doc. 146) seeking reversal of the SJ Order because the Plaintiff argues that (i) the Court misinterpreted the terms of the insurance contract between the parties; (ii) the Court's award of summary judgment was premature as it was made before the close of discovery; and (iii) new evidence has come forth in discovery that demonstrates that the Defendant obtained the

insurance policy issued to it by the Plaintiff under false pretenses. (Doc. 146) In response, the Claimants argue that the SJ Order should be upheld because (i) the Plaintiff fails to identify any manifest error in the Court's interpretation of the insurance contract between the Plaintiff and Defendant, and (ii) the Plaintiff's new evidence argument lacks merit because the Plaintiff was aware of the evidence at issue prior to the SJ Order. (Doc. 173) On June 18, 2019, the Court held a status conference at which the parties provided oral argument on the Motion and several other pending motions and discovery disputes.

Reconsideration is disfavored and "appropriate only in rare circumstances." *WildEarth Guardians v. United States Dep't of Justice*, 283 F.Supp.3d 783, 795 n.11 (D. Ariz. June 21, 2017); *see also Bergdale v. Countrywide Bank FSB*, No. CV-12-8057-PCT-SMM, 2014 WL 12643162, at 2 (D. Ariz. May 23, 2014) ("[Reconsideration] motions should not be used for the purpose of asking a court to rethink what the court had already thought through-rightly or wrongly.") A motion for reconsideration will be granted only where the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court finds that the SJ Order was premature in light of new evidence that continues to arise throughout the discovery process. The Court's decision was issued early in the discovery process, before much of the substantive evidence between the parties had been exchanged. Through the pleadings and argument provided at the status conference, the parties have demonstrated that there is additional evidence that must be considered in this case prior to an award of summary judgment. Therefore, the Court finds it appropriate to vacate its earlier Order (Doc. 143) and give the parties leave to re-submit summary judgment motions at the close of discovery. As discussed at the status conference, the Court will set a dispositive motion deadline by which the parties must file their summary judgment motions. However, the Court admonishes the parties to focus their future

summary judgment arguments on the new evidence brought forth during the discovery process and not to re-litigate issues that have already been decided in standing orders.

In addition to granting the Motion, the Court will also grant in part the Plaintiff's Motion to Modify Scheduling Order and for Leave to Amend. (Doc. 105) The Plaintiff's request to modify the scheduling order in this case is moot per the Court's Order (Doc. 179). However, finding good cause pursuant to Rule 15 of the Federal Rules of Civil Procedure, the Court will allow the Plaintiff to amend its complaint and answer to counterclaim solely for the limited purpose of adding facts and allegations pertaining to the defense that the insurance contract between the Defendant and the Plaintiff is void because of the Defendant's alleged procurement of the insurance contract through material misrepresentations or omissions. Finally, as addressed at the status conference, the parties shall meet and confer to resolve any outstanding issues related to Plaintiff's Motion to Strike (Doc. 155).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 146) is **granted**;

**IT IS FURTHER ORDERED** that the Court's Order (Doc. 143) is **vacated**. The parties shall have until **August 30, 2019**, the Dispositive Motion Deadline set forth in the Court's prior Order (Doc. 179), to file any summary judgement motions;

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Modify Scheduling Order and for Leave to Amend (Doc. 105) is **granted in part**. The Court grants the Motion for Leave to Amend for the limited purpose of allowing the Plaintiff to amend its complaint and answer to counterclaim to add facts and allegations pertaining to the defense that the insurance contract between the Defendant and the Plaintiff is void because of the Defendant's alleged procurement of the insurance contract through material misrepresentations or omissions. The remainder of the Motion for Leave to Amend regarding discovery deadlines is **denied as moot** per the Court's Order (Doc. 179); and

///

**IT IS FURTHER ORDERED** that the Claimants' Motion to Strike Plaintiff's Notice of Additional Evidence (Doc. 113) is **denied as moot.**

Dated this 19th day of June, 2019.

_____
Honorable Steven P. Logan
United States District Judge