**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prosight-- Syndicate 1110 At Lloyd's,<br><br>Plaintiff,<br><br>vs.<br><br>American Builders and Developers LLC,<br><br>Defendant. | No. CV-17-04662-PHX-SPL<br><br>**ORDER** |

Plaintiff Prosight-- Syndicate 1110 At Lloyd's (the "Plaintiff") filed suit against American Builders and Developers LLC ("ABD") seeking a declaratory judgment that it is not liable to indemnify ABD for any damages awarded pursuant to Maria Virginia Huizache and Florenciano Axinicuilteco's (the "Claimants") lawsuit.[1] The Court issued an Order (Doc. 143) granting the Claimants' motion for summary judgment (the "SJ Motion") (Doc. 74). The Plaintiff filed a motion for reconsideration (Doc. 146), and the Court granted the motion for reconsideration and vacated its Order granting the SJ Motion. (Doc. 184) After the Court's ruling on the SJ Motion, the Claimants supplemented their discovery disclosures with several documents (the "Documents"), including correspondence between Claimants' counsel and ABD's counsel.

---

[1] In January 2016, the employee of a subcontractor was killed while working at the location of ABD's construction project. The Claimants, as the decedent's parents, brought a wrongful death action against ABD, among others, in Arizona state court. The Claimants stepped into the shoes of ABD to defend this case.

The Plaintiff filed this motion for sanctions (the "Motion") seeking sanctions against the Claimants for their delayed disclosure of the Documents. (Doc. 181) The Plaintiff argues that the Claimants waited to disclose the Documents in order to influence the Court's ruling on the SJ Motion. (Doc. 181-1 at 6) The Motion was fully briefed on July 8, 2019, and oral argument was requested. (Docs. 186, 187) Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. See LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). The Court's ruling is as follows.

A party that fails to provide information required by Rule 26(a) or (e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A district court has "particularly wide latitude" in its discretion to issue sanctions under Rule 37(c)(1). *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014).

The Plaintiff moves for sanctions against the Claimants, arguing that they failed to produce the Documents in discovery until after the Court had ruled on the Claimants' SJ Motion. (Doc. 181 at 2) The Plaintiff argues that the Claimants intentionally withheld the Documents in order to obtain a favorable ruling on the SJ Motion based on "an incomplete and inaccurate record of the facts." (Doc. 181 at 3) The Plaintiff does not address whether the Claimants' delayed disclosure was substantially justifiable. Instead, the Plaintiff argues that the Claimants' delayed disclosure was not harmless because the delayed disclosure (i) prevented the Court from considering the withheld evidence in deciding the SJ Motion; (ii) provided evidence that is dispositive of the Claimants' counterclaims; and (iii) prevented the Plaintiff from asserting arguments related to the Claimants' stipulated judgment with ABD. (Doc. 181-1 at 14)

In response, the Claimants argue that the Motion should be denied because they did not violate FRCP 37. (Doc. 186 at 9) The Claimants state that the Documents were not requested by the Plaintiff, and the Claimants only disclosed the Documents in order for the record in this case to remain consistent with the records in two related cases pending before

the Maricopa County Superior Court. (Doc. 186 at 3) The Claimants do not substantively address whether their delayed disclosure was substantially justified. Instead, the Claimants provide the Court with a detailed explanation of the timing of their supplemental disclosures of the Documents. (Doc. 186 at 3–6) Separately, the Claimants argue that their delayed disclosure was harmless because (i) the Plaintiff was able to depose witnesses about the Documents; (ii) the Documents were disclosed prior to the discovery deadline on July 26, 2019; and (iii) the Court has already vacated its ruling on the SJ Motion.

At this time, the Court declines to exercise its discretion to impose sanctions against the Claimants. The Court is persuaded by the Claimants' statement that the Documents, which are primarily communications between Claimants' counsel and ABD's counsel, are not the type of material that is generally or immediately discoverable. The Court is not persuaded by the Plaintiff's arguments related to the SJ Motion, as the Court has already granted the Plaintiff's motion for reconsideration and vacated its Order granting the SJ Motion. (Doc. 184) Furthermore, the Court's review of the Documents demonstrates that the correspondence between Claimants' counsel and ABD's counsel did not harbor any "smoking gun" statements or admissions about the viability of this case. The correspondence reflected expected conversations amongst counsel seeking to develop a litigation strategy. The Court also finds that the Documents were disclosed prior to the discovery deadline, and the Plaintiff has not been prejudiced because it has been able to depose multiple people on the issues described in the Documents. (Doc. 179 at 2; Doc. 187 at 5) For all of these reasons, the Court finds that the delayed disclosure of the Documents was harmless and does not require sanctions under FRCP 37.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Sanctions (Doc. 181) is **denied**.

Dated this 23rd day of October, 2019.

Honorable Steven P. Logan
United States District Judge