**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prosight-- Syndicate 1110 At Lloyd's,<br><br>Plaintiff,<br><br>vs.<br><br>American Builders and Developers LLC,<br><br>Defendant. | No. CV-17-04662-PHX-SPL<br><br>**ORDER** |

Plaintiff Prosight-- Syndicate 1110 At Lloyd's (the "Plaintiff") filed suit against American Builders and Developers LLC ("ABD") seeking a declaratory judgment that it is not liable to indemnify ABD for any damages awarded pursuant to Maria Virginia Huizache and Florenciano Axinicuilteco's (the "Claimants") lawsuit.[1] The Claimants filed this Motion to Compel Production of Attorney-Client Communications (the "Motion"), arguing that the Plaintiff's deposition testimony has opened the door to discovery of the Plaintiff's attorney-client communications. (Doc. 193) The Motion was fully briefed on August 15, 2019, and oral argument was requested. (Docs. 194, 196) Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. See LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). The Court's ruling is as follows.

---

[1] In January 2016, an employee of a subcontractor was killed while working at the location of ABD's construction project. The Claimants, as the decedent's parents, brought a wrongful death action against ABD, among others, in Arizona state court. The Claimants stepped into the shoes of ABD to defend this case.

1    In the Motion, the Claimants seek an order from the Court compelling the Plaintiff to produce discovery materials that qualify as attorney-client communications between the Plaintiff and Plaintiff's counsel. The Claimants argue that a representative of the Plaintiff stated in a deposition that the Plaintiff relied on the advice of counsel when denying ABD's claim for coverage. (Doc. 193 at 5) The Claimants primarily rely on the holding of *State Farm v. Lee* to argue that this admission waived the Plaintiff's attorney-client privilege for communications related to the advice of counsel on the topic of the Plaintiff's denial of ABD's claim. (Doc. 193 at 5–8) *State Farm Mut. Auto. Ins. Co. v. Lee*, 199 Ariz. 52 (2000).

In *Lee*, the Supreme Court of Arizona crafted the legal standard for deciding when a party waives its attorney-client privilege for communications between client and counsel. The *Lee* plaintiff was an insurance company who stated that it relied on the advice of counsel and evaluated the law in defending its good faith decision to deny the defending parties' claims. *Lee*, 199 Ariz. at 57–58. The Supreme Court of Arizona held that attorney-client privilege is waived when a party "has asserted some claim or defense, such as the reasonableness of its evaluation of the law, which necessarily includes the information received from counsel." *Id*. at 62. Privilege is waived because "the party claiming the privilege has interjected the issue of advice of counsel into the litigation to the extent that recognition of the privilege would deny the opposing party access to proof without which it would be impossible for the factfinder to fairly determine the very issue raised by that party." *Id*. The Supreme Court of Arizona stated that a party waives its attorney-client privilege in this instance when "the party asserting the privilege claims its conduct was proper and permitted by law and based in whole or in part on its evaluation of the state of the law." *Id*. However, simply conferring with counsel or "trading information for advice" is not enough to waive attorney-client privilege. *Id.* at 66.

The Court finds that the Plaintiff's statements regarding reliance on the advice of counsel do not rise to the level of waiving its attorney-client privilege. The statements highlighted by the Claimants in the Deposition of Paul Kush reflect that the Plaintiff "reviewed the facts that had been provided to [it] thus far, . . . reviewed the complaint, and

[it] sought the advice of counsel as well," and "[it relied] on all of the facts that had been provided to [it], and further, on advice of [its] counsel." (Doc. 193 at 4)  The Court finds that the Plaintiff's statements clearly demonstrate the type of conferral between client and counsel that is explicitly excluded from *Lee*'s holding.  The Plaintiff is not arguing that it denied ABD's claim because counsel advised it to, nor does the Plaintiff advance any arguments regarding its interpretation of the law as a defense.  Furthermore, the *Lee* court stated that simply asserting a good faith defense is not enough to waive attorney-client privilege. *Id*. at 57 (stating "a mere denial of a cause of action is not the kind of act that waives the privilege" and "[a]n insurer's denial of an insured's allegations of bad faith, and its assertion that it acted in good faith . . ., without more, do not . . . give rise to an implied waiver.").  Thus, the Court finds that the Claimants have failed to demonstrate that the Plaintiff has waived its attorney-client privilege.  Accordingly,

**IT IS ORDERED** that Claimants' Motion to Compel Production of Attorney-Client Communications (Doc. 193) is **denied**.

Dated this 29th day of October, 2019.

Honorable Steven P. Logan
United States District Judge

3