**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prosight–Syndicate 1110 At Lloyd's, | No. CV-17-04662-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| American Builders and Developers LLC, | |
| Defendant. | |

Plaintiff Prosight-- Syndicate 1110 At Lloyd's (the "Plaintiff") filed suit against American Builders and Developers LLC ("ABD") seeking a declaratory judgment that it is not liable to indemnify ABD for any damages awarded pursuant to Maria Virginia Huizache and Florenciano Axinicuilteco's (the "Claimants") lawsuit. The Claimants filed their Second Motion for Summary Judgment (the "Claimants' MSJ") (Doc. 197), and the Plaintiff filed a separate Motion for Summary Judgment (the "Plaintiff's MSJ") (Doc. 199). Both motions were fully briefed on October 15, 2019, and oral argument was requested. (Docs. 206, 209, 213, 214) Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. See LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). The Court's ruling is as follows.

## I.    Background

The Plaintiff issued an owner controlled insurance policy (the "Policy"), often referred to as a wrap policy, to ABD. (Doc. 197 at 3)  Wrap policies allow for a general contractor to purchase an insurance policy for a construction project and enroll multiple subcontractors for insurance coverage under the policy. (Doc. 188 at 11)  ABD's wrap policy was originally effective from March 31, 2013 to March 31, 2016, and the Policy covered two separate construction sites, the Trio Condominium property located in Scottsdale, Arizona, and the Clearwater Hills property located in Paradise Valley, Arizona. (Doc. 197 at 3)  ABD hired Paladin Risk Management Limited, LLC ("Paladin") to be the administrator of the Policy. (Doc. 188 at 11)  ABD enrolled subcontractor Diamond House Painting, LLC ("DHP") in the Policy in November 2014. (Doc. 197 at 5)

In January 2016, one of DHP's employees was killed in an incident at the Trio Condominium property.  (Doc. 197 at 2)  The Claimants, as the decedent's parents, brought a wrongful death action against ABD, among others, in Arizona state court. (Doc. 197 at 2)  ABD settled the Claimants' lawsuit against it by turning over its rights against the Plaintiff and Paladin to the Claimants. (Doc. 197 at 8)  ABD also agreed for a stipulated judgment to be entered against it for $3.5 million. (Doc. 197 at 8)

The Plaintiff initiated this lawsuit for declaratory judgment seeking a determination that it is not liable to indemnify ABD for any damages awarded pursuant to the Claimants' lawsuit. (Doc. 1)  The Claimants filed counterclaims against the Plaintiff and Paladin, arguing that they were each liable for the $3.5 million stipulated judgment. (Doc. 188)  However, in July 2019, the Claimants and Paladin entered into a settlement agreement (the "Settlement Agreement") in which the Claimants agreed to dismiss their claims against Paladin in exchange for a settlement payment of approximately $37,500. (Doc. 203 at 51–57)  On August 30, 2019, the Plaintiff and the Claimants filed cross-motions for summary judgment on all claims and counterclaims before the Court. (Doc. 197; Doc. 199)

## II. Legal Standard

A court shall grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the movant is able to do such, the burden then shifts to the non-movant who, "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

## III. Analysis

In the Claimants' MSJ, the Claimants request for the Court to make certain findings of law, including (i) that the Plaintiff's insurance policy provided coverage to ABD for the Claimants' lawsuit, (ii) that the Plaintiff breached its duty to indemnify ABD, and (iii) that the Plaintiff is obligated to pay the $3.5 million judgment against ABD. (Doc. 197 at 2) In the Plaintiff's MSJ, the Plaintiff argues that (i) the Claimants are judicially estopped from pursuing claims against the Plaintiff, (ii) by the plain terms of the Policy, DHP was not enrolled under the Policy, and (iii) the Plaintiff has no duty to indemnify ABD for the result of the Claimants' lawsuit. (Doc. 199-1 at 5–8)

The Plaintiff argues that the Claimants cannot recover against the Plaintiff as a matter of law because the Claimants successfully recovered on their claims for relief

against Paladin. (Doc. 206 at 4; Doc. 199-1 at 9–10)   The Plaintiff identifies the Settlement Agreement between Paladin and the Claimants, in which Paladin sought to settle the Claimants' negligence and breach of contract claims against it. (Doc. 203 at 51) The Plaintiff argues that the Claimants are judicially estopped from pursuing their claims against the Plaintiff because they obtained a favorable settlement against Paladin on a mutually exclusive theory of liability. (Doc. 199-1 at 14)   In response, the Claimants argue that they have not asserted inconsistent positions against Paladin and the Plaintiff. (Doc. 209 at 10)   The Claimants argue that they have simply asserted alternative theories of liability against Paladin and the Plaintiff, which is permissible pursuant to Federal Rule of Civil Procedure 8(d). (Doc. 209 at 10)

Plaintiffs are allowed to plead alternative and even inconsistent claims, but parties are not allowed to disavow claims and then argue from them. Fed. R. Civ. P. 8(d); *Martinez v. Maricopa Cty. Cmty. Coll. Dist.*, 2018 WL 2119338, at *4 (D. Ariz. May 8, 2018); *Revive You Media LLC v. Esquire Bank*, 2018 WL 2164379, at *5 (D. Ariz. May 10, 2018).   Judicial estoppel precludes a party from gaining an advantage by taking one position and then seeking a second advantage by taking an incompatible position. *Gagne v. Zodiac Mar. Agencies, Ltd.*, 274 F. Supp. 2d 1144, 1148 (S.D. Cal. 2003) (citing *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir.1996)).   Judicial estoppel is used "because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" *Id*. (citing *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)).   Further, double recovery is disfavored, and it should be particularly avoided where punitive and compensatory damages are assessed. *Kissell Co. v. Gressley*, 591 F.2d 47, 51 (9th Cir. 1979); *Hosp. Mktg. Concepts, LLC v. Six Continents Hotels, Inc.*, 2016 WL 9045621, at *6 (C.D. Cal. Jan. 28, 2016) (stating double recovery is precluded when alternative theories seeking the same relief are pleaded and tried together).

The Supreme Court of the United States has established certain factors that district

courts may take into consideration when deciding whether judicial estoppel is appropriate in a given case: (1) a party's later position is "clearly inconsistent" with its earlier position; (2) the first tribunal accepted and relied upon the prior inconsistent position; and (3) the party maintaining the inconsistent position stands to gain an unfair advantage over the opposing party. *Id.* (citing *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001)). These factors, however, are not exhaustive. *Id.* The inconsistent positions need not come from the same litigation, and a favorable settlement constitutes judicial reliance. *Id.* (citing *Hamilton*, 270 F.3d at 783; *Rissetto*, 94 F.3d at 605). The purpose of judicial estoppel is to protect the courts' integrity, not necessarily the parties' interests; the doctrine is equitable, and its application discretionary. *Id.* (citing *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)); *Rissetto*, 94 F.3d at 601.

The Court finds that the Claimants are judicially estopped from pursuing their claims against the Plaintiff. The Claimants asserted claims against Paladin for negligence and breach of contract on the basis that Paladin negligently failed to enroll DHP under the Policy. (Doc. 188 at 18) The Claimants settled their claims against Paladin for approximately $37,500 pursuant to the Settlement Agreement. (Doc. 203 at 52) The Claimants also moved to dismiss Paladin from this action with prejudice as a result of the Settlement Agreement. (Doc. 87) Now, the Claimants continue to seek summary judgment against the Plaintiff under the theory that DHP was enrolled under the Policy. (Doc. 197 at 5)

In addressing the first factor, the Court finds that the Claimants' current position against the Plaintiff is clearly inconsistent with their position against Paladin, for which it obtained a favorable settlement. The Claimants have recovered on the theory that Paladin was liable for failing to register DHP under the Policy; therefore, the Claimants cannot now seek to recover from the Plaintiff under the theory that DHP was registered under the Policy. *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 935 (9th Cir. 2011) (stating judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.") The

United States Court of Appeals for the Ninth Circuit has found that obtaining a favorable settlement constitutes judicial reliance, which satisfies the second factor of the Court's reliance on the prior inconsistent position. *Rissetto*, 94 F.3d at 605. Finally, the Court finds that allowing the Claimants to proceed against the Plaintiff to obtain an additional recovery on a mutually exclusive theory of liability would be unfair to the Plaintiff and result in the Claimants obtaining a double recovery for the issues presented in their counterclaims. Therefore, the Court finds that the Plaintiff's MSJ must be granted, and summary judgment must be issued in favor of the Plaintiff on all claims.

Accordingly,

**IT IS ORDERED:**

1. That Plaintiff's Motion for Summary Judgement (Doc. 199) is **granted**, and judgment shall be entered in favor of the Plaintiff on all claims and counterclaims;

2. That Claimants' Second Motion for Summary Judgment (Doc. 197) is **denied**;

3. That Claimants' Rule 37 Motion to Exclude Declaration and Trial Testimony of Jake Morin (Doc. 211) is **denied as moot**; and

4. That the Clerk of Court shall terminate this case and enter judgment accordingly.

Dated this 14th day of November, 2019.

Honorable Steven P. Logan
United States District Judge